[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 19, 2007
THOMAS K. KAHN
CLERK

No. 06-12842
Non-Argument Calendar

_____

D. C. Docket No. 05-20710-CR-DLG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTHONY BOATWRIGHT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(March 19, 2007)**

Before TJOFLAT, HULL and WILSON, Circuit Judges.

PER CURIAM:

Anthony Boatwright ("Boatwright") appeals the district court's sentence of

three-years' probation with a special condition of six months' home detention for theft of government funds and for making materially false statements, in violation of 18 U.S.C. § 371 and 18 U.S.C. § 1001(a)(2). On appeal, Boatwright argues that his sentence is unreasonable because it is greater than necessary and exceeds the government's recommended sentence. Because we find the district court's sentence reasonable, we affirm.

In particular, Boatwright argues that the district court's sentence is unreasonable because it fails to take into consideration (1) his good employment history; (2) that he is caring for six minor children; (3) that he has no prior felony convictions; and (4) that he did not use the Department of Housing and Urban Development-funded housing assistance payments to purchase luxury items, but to provide his family with the basic necessities of life. Moreover, Boatwright contends that the district court, in imposing its sentence, should have considered his statement at the sentencing hearing as to why the offense was committed.

We review sentences imposed under the post-*Booker* advisory Guideline scheme for reasonableness. *United States v. Winingear*, 422 F.3d 1241, 1244-45 (11th Cir. 2005); *United States v. Booker*, 543 U.S. 220, 260-63, 125 S. Ct. 738, 765-66, 160 L. Ed. 2d 621 (2005) (holding that appellate courts review sentences for unreasonableness in light of the § 3553(a) factors). Following the *Booker*

decision, the district court first must correctly calculate the range provided by the sentencing Guidelines. *United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005). Next, the district court must consider the factors identified in 18 U.S.C. § 3553(a) to determine a reasonable sentence. *Id.* We have held that once the district court has correctly calculated the advisory Guideline range, it may then impose a more severe or more lenient sentence as long as it is reasonable. *United States v. Crawford*, 407 F.3d 1174, 1179 (11th Cir. 2005).

Our review for reasonableness is deferential. *Talley*, 431 F.3d at 788. "We must evaluate whether the sentence imposed by the district court fails to achieve the purposes of sentencing as stated in section 3553(a)," and in evaluating a sentence for reasonableness, "we recognize that there is a range of reasonable sentences from which the district court may choose . . . ." *Id.* The § 3553(a) factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.

*Id.* at 786; *see also* 18 U.S.C. § 3553(a). We also have noted that "when the

3

district court imposes a sentence within the advisory Guideline range, we ordinarily will expect that choice to be a reasonable one." *Talley*, 431 F.3d at 788.

In *United States v. Scott*, we held that a district court's statement that it had considered the § 3553(a) factors and the defendant's arguments about those factors is sufficient in post-*Booker* sentences to indicate that it considered the factors. 426 F.3d 1324, 1329-30 (11th Cir. 2005). We further held "that nothing in *Booker* or elsewhere requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." *Id.* at 1329. Moreover, we concluded that the defendant's sentence was reasonable because the district court accurately calculated the guideline range and the defendant's sentence at the low end of the range reflected the court's consideration of his evidence in mitigation. *Id.* at 1330.

In this case, the district court's sentence was reasonable. The district court correctly calculated the applicable guideline range and adequately considered the § 3553(a) factors. Before imposing the sentence, the district court expressly stated that it had considered the statements of all parties, the presentence investigation report, and the statutory factors. The court specifically considered the mitigating factors that Boatwright offered. Although the district court did not explicitly discuss every § 3553(a) factor, it was not required to do so. *See Scott*, 426 F.3d at

4

1329-30.  Finally, the district court's sentence of three years' probation with a special condition of six months' home detention was within the Guideline range and did not exceed the statutory maximum sentence.

Based on our review of the record and the parties' briefs, we discern no reversible error.  Accordingly, we affirm Boatwright's sentence.

**AFFIRMED.**